SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**<u>Janet Henebema v. South Jersey Transportation Authority</u> (A-7-13) (072545)**

**Argued March 31, 2014 -- Decided September 29, 2014**

**RODRÍGUEZ, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, where a jury determined that there was no basis to impose liability on the individual defendants or the plaintiff, the Court considers whether, on retrial, a second jury should decide anew the liability of all parties, or whether the remand shall proceed only with respect to the liability of the public-entity defendants.

On December 4, 2005, plaintiff was severely injured in a multi-vehicle accident on the Atlantic City Expressway. That morning, several close-in-time accidents were reported to the State Police, beginning at 3:55 a.m., when a motorist called 9-1-1 to report the first accident. Because his vehicle was stranded in the far left and center lanes, the driver reported that his vehicle was "in a bad spot" and "needed to get out of there." The second accident occurred about fifteen minutes later. A private ambulance responding to a different emergency stopped to assist, parked behind the second disabled vehicle in the middle lane, and activated the emergency lights. At 4:25 a.m., the third accident occurred when plaintiff tried to avoid the ambulance by passing it on the left, and collided with the second vehicle. Plaintiff exited her vehicle and stood nearby. Within minutes, a fourth vehicle struck plaintiff and her car, causing plaintiff serious injuries. State Police officers arrived at approximately 4:43 a.m.

Plaintiff sued the drivers and owners of the other vehicles involved in the accidents (individual defendants), as well as two New Jersey public entities, South Jersey Transportation Authority (Authority) and the New Jersey State Police (State Police) (collectively "public-entity defendants"). Plaintiff alleged that the public-entity defendants were liable for failing to follow proper procedure in responding to 9-1-1 calls, resulting in an almost one-hour delay before law enforcement officers and emergency personnel arrived on the scene.

Following a fifteen-day trial, the jury was charged. On the issue of the public-entity defendants' liability, the trial court's instructions did not require the jury to determine whether the actions of their employees or agents constituted either ministerial or discretionary action. Instead, the court instructed the jury on ordinary negligence principles. The jury returned a verdict finding that the individual defendants were not negligent, that the Authority was eighty-percent liable and the State Police was twenty-percent liable, and that there was no comparative negligence on plaintiff's part. The jury awarded plaintiff $8,748,311 in damages. The public-entity defendants moved for a judgment notwithstanding the verdict, and alternatively, for a remittitur, which the trial court denied.

The public-entity defendants sought review on several grounds and plaintiff cross-appealed. The individual defendants did not participate in the appeal. In a published opinion, the Appellate Division reversed the liability verdict against the public-entity defendants, concluding that the trial court should have submitted the question of whether the employees of the public-entity defendants' alleged culpable conduct occurred while engaging in ministerial or discretionary activity. The panel remanded for a new trial concerning the public-entity defendants' liability only. Henebema v. S. Jersey Transp. Auth., 430 N.J. Super. 485, 504 (App. Div. 2013).

The public-entity defendants sought certification solely on their contention that, at the retrial, the jury should assess anew whether the individual defendants were negligent and whether plaintiff was comparatively negligent. The Court granted the public-entity defendants' petition. 215 N.J. 487 (2013).

**HELD:** The individual defendants' liability and plaintiff's comparative negligence are not intertwined with the issues to be determined on remand and therefore do not need to be considered by the jury at the retrial. The purpose of the retrial is to have the jury determine, from the evidence, whether the public entities' employees were performing either ministerial or discretionary actions. Once the appropriate standard is identified, the jury can determine, based upon the applicable standard, whether the public-entity defendants are liable.

1. The parties do not challenge that the case must be remanded to assess whether the public-entity defendants were performing ministerial acts or discretionary acts in order to determine their liability under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. The only issue before the Court is whether the remand appropriately includes only the public entities or whether the retrial must reassess the liability of all of the parties. (p. 10)

2. The TCA provides protection for public entities involved in tort claims. The standard for liability under the TCA depends on whether the conduct of individuals acting on behalf of the public entity was ministerial or discretionary. See N.J.S.A. 59:2-3(d). If the public entity's action in allocating resources was ministerial, liability is evaluated based on an ordinary negligence standard. However, a more difficult threshold must be overcome in order for a public entity to be liable for an individual's discretionary acts. (pp. 11-12)

3. As a general rule, "issues in negligence cases should be retried together unless the issue unaffected by error is entirely distinct and separable from the other issues." Ahn v. Kim, 145 N.J. 423, 434-35 (1996). If issues are inextricably intertwined, then when one is remanded, the others, too, must be retried. However, the determination of whether the issues are sufficiently distinct and separable is a fact-sensitive analysis. Accordingly, and in line with the fact-sensitive approach taken when reviewing which parties must be included in a retrial on discrete issues in a negligence action, the Court has recognized that a remand must include all parties impacted by an improper jury charge. Similarly, when ascertaining whether issues are intertwined, the Court considers whether the jury on retrial will be confused when answering questions about one issue without considering another issue. (pp. 12-14)

4. In this matter, the public-entity defendants argue that the interrelatedness of the individual defendants' negligence, as well as plaintiff's comparative negligence, require reassessment in a combined retrial on all liability issues if the public entities' negligence is to be retried. On close examination, however, the Court rejects defendants' interrelatedness argument. At trial, plaintiff alleged that the public-entity defendants were negligent because they failed to follow proper procedures in responding to the emergency situation. The liability of the individual defendants, however, depended on whether the drivers operated their vehicles with adequate care. Similarly, plaintiff's comparative negligence depended on whether she used reasonable care in operating her vehicle and after exiting it. The issue of whether the individual defendants, or plaintiff, used reasonable care is unrelated to the issue of whether the public-entity defendants complied with the appropriate standard of care in making decisions about how to respond to the evolving situation on the Expressway. None of the issues involved in determining the public-entity defendants' liability would require or even invite consideration of the individual defendants' liability or plaintiff's comparative negligence. In sum, the theories for recovery from the public-entity defendants and individual defendants are not intertwined, let alone inextricably intertwined. (pp. 14-16)

5. Having determined that it would be inappropriate to require a new trial on the individual defendants' liability or plaintiff's comparative negligence, the Court addresses the public-entity defendants' reliance on Ogborne v. Mercer Cemetery Corp., 197 N.J. 448 (2009), for the propositions that proximate cause and comparative negligence must be retried together and that the issue of liability must be retried as to all parties. In Ogborne, the Court ordered a retrial because "issues concerning the dangerous condition of the property and whether the [c]ity acted in a palpably unreasonable manner [were] intertwined with the issues of causation and foreseeability." Id. at 461 (internal quotation marks omitted). Here, the negligence claimed against the public-entity defendants is separate and distinct from that claimed against the other parties, as is the issue of proximate cause. (pp. 16-19)

The judgment of the Appellate Division is **AFFIRMED,** and the matter is **REMANDED** to the trial court for proceedings consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion. JUSTICE ALBIN did not participate.**

JANET HENEBEMA,

    Plaintiff-Respondent,

        v.

SOUTH JERSEY TRANSPORTATION
AUTHORITY and NEW JERSEY
STATE POLICE,

    Defendants-Appellants,

        and

MICHAEL R. TESTA, MARIA E.
PEREIRA, DOMENICO RADDI, JR.,
JOSHUA COOPER, REY S. COOPER,
TROOPER C. DEANGELIS, and
TROOPER M. RAZUKAS,

    Defendants.

        Argued March 31, 2014 – Decided September 29, 2014

        On certification to the Superior Court,
        Appellate Division, whose opinion is
        reported at 430 N.J. Super. 485 (2013).

        Stephen M. Orlofsky argued the cause for
        appellants (Blank Rome, attorneys; Mr.
        Orlofsky, Adrienne C. Rogove, and Jaret N.
        Gronczewski, on the briefs).

        Christine Petruzzell argued the cause for
        respondent (Wilentz, Goldman & Spitzer,
        attorneys).

JUDGE RODRÍGUEZ (temporarily assigned) delivered the opinion of the Court.

In this case, a jury determined that two New Jersey public entities, South Jersey Transportation Authority (Authority) and the New Jersey State Police (State Police), were liable for injuries sustained by plaintiff as a result of a multi-vehicle pile-up on the Atlantic City Expressway (Expressway) during a heavy snowstorm.[1]  Plaintiff alleged that the public entities were negligent in failing to adhere to standard operating procedures with respect to competing 9-1-1 calls for motorist assistance.  The jury found no negligence on the part of plaintiff or the owners or drivers of the other vehicles involved in the several collisions (individual defendants).

On appeal, the Appellate Division reversed the liability verdict against the public-entity defendants based on errors in the jury instructions with respect to the liability of the public entities for discretionary versus ministerial acts.  The error, as found by the Appellate Division, was caused by the trial court's failure to allow the jury to determine predicate facts that resolved whether ministerial or discretionary acts were involved.  The Appellate Division remanded the matter for

_____

[1] We refer to the Authority and State Police collectively as the public-entity defendants.

retrial only with respect to the liability of the public-entity defendants.

The public-entity defendants now contend that, at the retrial, the second jury should decide anew the liability of all parties. We disagree.

The jury reached a final verdict with regard to the plaintiff's and individual defendants' liability predicated on proper jury instructions. The theories and evidence of liability with respect to the public entities and the individual defendants are not inextricably intertwined. Furthermore, the issue of plaintiff's comparative negligence is distinct from the question of the public entities' liability. Therefore, the retrial shall affect only the liability of the public-entity defendants.

I.

A.

During an ice and snowstorm in the early morning of December 4, 2005, plaintiff, Janet Henebema, was severely injured in a multi-vehicle accident near mile marker 7.3 on the Expressway. That portion of the Expressway has three lanes in each direction. The morning of the accident, several close-in-time accidents were reported to the State Police at that general location.

3

Around 3:53 a.m., the first accident happened on the westbound side at mile marker 7.3. Joshua Cooper, the driver of a vehicle, called 9-1-1 at 3:55 a.m., reporting that his car slammed into the center median, bounced off the concrete barrier, and spun around, coming to rest facing the wrong direction in the far left and center lanes. Cooper and his passengers had moved to the safety of the right shoulder of the Expressway. Cooper also told the 9-1-1 dispatcher that his vehicle "needed to get out of there" because it was "in a bad spot." The dispatcher reported the accident through the computer assisted dispatch system, which alerted the State Police.

The second accident occurred at that same location about fifteen minutes later. Michael Testa lost control of his vehicle and it became stuck in the snow perpendicular to the roadway, straddling the left and center lanes of the Expressway. After exiting his vehicle, Testa and his passenger also made their way to the right side of the road. At that time, a private ambulance driver responding to a different emergency stopped temporarily to assist. The ambulance driver parked behind Testa's disabled vehicle in the middle lane and activated the emergency lights.

At approximately 4:25 a.m., the third accident occurred when plaintiff tried to avoid the ambulance in the middle lane

4

by passing it on the left; however, plaintiff collided with Testa's vehicle. Although the impact was light, plaintiff's driver-side door was pinned against the concrete median and she was forced to exit her vehicle through the passenger-side door. Plaintiff stood near her car on the Expressway.

Within minutes, the fourth accident occurred. Domenico Raddi, Jr.'s vehicle approached the scene. His car struck plaintiff and her vehicle, causing plaintiff serious injuries, including severing of one of her legs upon impact.

State Police officers arrived at the scene of the aforementioned accidents at approximately 4:43 a.m., about fifty minutes after Cooper made the initial 9-1-1 call.

B.

Plaintiff sued the drivers and owners of the other vehicles involved in the accidents (individual defendants), as well as the Authority and the State Police. Plaintiff alleged that the public-entity defendants were liable for failing to follow proper procedure in responding to 9-1-1 calls, resulting in an almost one-hour delay before law enforcement officers and emergency personnel arrived on the scene.

The trial lasted fifteen days. Plaintiff's strategy was to establish the public-entity defendants' negligence by showing that they had violated their standard operating procedure.

5

The trial court's instructions on the issue of the public-entity defendants' liability did not require the jury to make a factual determination whether the actions of their employees or agents constituted either ministerial action or discretionary action. Instead, the court instructed the jury on ordinary negligence principles, which is the instruction given when a public entity is found to have taken ministerial action under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. The jury returned a verdict finding that the individual defendants were not negligent, that the Authority was eighty-percent liable and the State Police was twenty-percent liable, and that there was no comparative negligence on plaintiff's part. The jury awarded plaintiff $8,748,311 in total damages.

Following the jury verdict, the public-entity defendants moved for a judgment notwithstanding the verdict, and alternatively, for a remittitur. The trial court denied the motions, determining that the jury was properly charged and the verdict was fair and reasonable.

The public-entity defendants sought review on several grounds. Plaintiff cross-appealed challenging the court's denial of her motion for pre-judgment interest. The individual defendants did not participate in the appeal in light of the no-cause judgment in their favor. In a published opinion, the Appellate Division reversed the liability verdict against the

6

public-entity defendants, concluding that the trial court had erroneously charged the jury. The panel determined that the trial court should have submitted the question of whether the employees of the public-entity defendants' alleged culpable conduct occurred while engaging in ministerial or discretionary activity. Henebema v. S. Jersey Transp. Auth., 430 N.J. Super. 485, 504 (App. Div. 2013). The Appellate Division remanded for a new trial concerning the public-entity defendants' liability only. Id. at 513-14, 517.[2]

The public-entity defendants petitioned for certification solely on their contention that, at the retrial, the jury should be asked to assess anew whether the individual defendants were negligent and whether plaintiff was comparatively negligent; if so, the public-entity defendants maintain, the jury should compare the percentage of responsibility of all parties. This Court granted the petition. Henebema v. S. Jersey Transp. Auth., 215 N.J. 487 (2013).

II.

A.

The public-entity defendants raise three arguments. First, they contend that the proximate cause of plaintiff's injuries is inextricably intertwined with the negligence of the individual

_____

[2] The panel concluded there was no error in the denial of the public-entity defendants' motion for remittitur. Henebema, supra, 430 N.J. Super. at 512.

7

defendants and the issue of plaintiff's comparative negligence. Thus, a retrial on the liability of all parties is required in this instance. The public-entity defendants maintain that remanding for retrial only as to their liability would be prejudicial and unfair because the second jury would not be presented with potential evidence of negligence and proximate causation of all parties. They argue that, because the facts and evidence surrounding the parties' actions are intertwined, everything must be presented to the new jury.

Second, the public-entity defendants insist that the Appellate Division's decision to remand solely on their liability is in stark contrast to settled case law. Relying heavily on Ogborne v. Mercer Cemetery Corp., 197 N.J. 448 (2009), they argue that proximate cause and comparative negligence must be retried together. Additionally, they contend that Ogborne requires retrying the issue of liability as to all parties.

Finally, the public-entity defendants suggest that this case is an opportunity for this Court to clarify that, in situations where a trial court has given an improper jury charge with respect to the standard of care pursuant to the TCA, the case must be remanded in its entirety to retry comparative negligence and proximate cause as to all parties.

B.

8

Plaintiff argues that the error in the jury instruction affected only the issue of immunity afforded to the Authority and the State Police by the TCA. Accordingly, plaintiff argues that the retrial should have no bearing on the jury's previous no-cause finding in assessing the conduct of the individual defendants. She further argues that the assessment of the public-entity defendants' alleged ordinary negligence with respect to TCA liability will not cause a shift of liability to any of the other defendants.

Plaintiff further challenges the public-entity defendants' reliance on Ogborne, arguing that this case is distinguishable. Ogborne, plaintiff maintains, involved a different standard of liability and a different tort immunity under a different section of the TCA. More specifically, plaintiff argues that the liability finding in Ogborne turned on whether a "dangerous condition" existed on the property, a concept that was inextricably intertwined with the comparative negligence of the plaintiff.

Plaintiff argues that the Appellate Division's determination of an error in the jury instruction regarding the public-entity defendants' tort immunity under a palpably unreasonable standard versus an ordinary negligence standard requires only a partial remand. Specifically, this case involves a claim of negligence based on the public entities'

9

standard operating procedure, which relates only to the public entities' duties and is not impacted by the conduct of plaintiff or the individual defendants at the scene of the accident.

Finally, plaintiff argues that the public-entity defendants did not challenge the verdict as against the weight of the evidence with respect to any of the individual defendants, except Raddi, until the appeal to this Court. In addition to urging the Court not to consider this new issue on appeal, plaintiff argues that the Appellate Division correctly concluded that ample evidence was produced at trial to allow a reasonable jury to conclude that the individual defendants were not negligent.

III.

A.

The Appellate Division determined, and the parties do not challenge, that due to the erroneous jury charge the case must be remanded to assess whether the public-entity defendants -- the Authority and the State Police -- were performing ministerial acts or discretionary acts in order to determine their liability under the TCA. The only issue before this Court is whether the remand for retrial on that question appropriately includes only the public entities or whether the retrial must reassess the liability of all of the parties. To set the remand

10

in context, we begin by briefly reviewing some basic principles of public-entity liability pursuant to the TCA.

The TCA provides protection for public entities involved in tort claims. Generally, immunity prevails over liability to the extent that immunity has become the rule and liability is the exception. See Tice v. Cramer, 133 N.J. 347, 355 (1993) (citing Bombace v. City of Newark, 125 N.J. 361, 372 (1991)). The standard for liability under the TCA depends on whether the conduct of individuals acting on behalf of the public entity was ministerial or discretionary. See N.J.S.A. 59:2-3(d).

More particularly, for purposes of the factual setting of this appeal, N.J.S.A. 59:2-3(d) prescribes the circumstances when a public entity can be found liable in instances where the public entity allocates resources:

> A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.
>
> [Ibid.]

Thus, the TCA creates two standards for immunity based on whether the public entity's action in allocating resources was

11

ministerial or discretionary.  If the action was ministerial, liability for the public entity is evaluated based on an ordinary negligence standard.  However, a more difficult threshold must be overcome in order for a public entity to be liable for an individual's discretionary acts.

At trial, the jury was not asked to classify the public-entity defendants' resource-allocation actions.  Rather, the jury was only asked to determine whether the public-entity defendants were negligent based on an ordinary negligence standard.  Accordingly, the Appellate Division remanded the case for retrial, ordering that the second jury be instructed to determine whether the public-entity defendants' resource-allocation actions were ministerial or discretionary.  Henebema, supra, 430 N.J. Super. at 513-14.

With that background we now address the scope of the remand necessitated in this matter.

B.

As a general rule, "issues in negligence cases should be retried together unless the issue unaffected by error is entirely distinct and separable from the other issues." Ahn v. Kim, 145 N.J. 423, 434-35 (1996).  If issues are inextricably intertwined, then when one is remanded, the others, too, must be retried.  Id. at 435.  However, the determination of whether the issues are sufficiently distinct and separable is a fact-

12

sensitive analysis, which ultimately depends on the particular circumstances involved in each individual case.  Id. at 434-35; see, e.g., Tindal v. Smith, 299 N.J. Super. 123, 137-38 (App. Div.) (stating same and denying new trial where trial judge's erroneous instructions on proximate cause did not infect jury's verdict, premised on finding of no negligence, because negligence and causation issues were "entirely distinct and separate"), certif. denied, 150 N.J. 28 (1997).

Accordingly, and in line with the fact-sensitive approach taken when reviewing which parties must be included in a retrial on discrete issues in a negligence action, this Court has recognized that the remand must include all parties impacted by an improper jury charge.  In Acken v. Campbell, 67 N.J. 585, 589 (1975), this Court affirmed the Appellate Division's decision to remand a case for retrial as to both the defendants' liability and the plaintiff's comparative negligence.  The jury had been improperly charged on issues that affected both defendants.  Id. at 588.  We also ordered retrial on the plaintiff's comparative negligence because once the jury had found the defendants negligent -- based on an erroneous jury charge -- the jury did not deliberate properly on whether the plaintiff was comparatively negligent.  Id. at 589.

Similarly important when ascertaining whether issues are intertwined is whether the jury on retrial will be confused when

13

answering questions about one issue without considering another issue.  Accordingly, in <u>Conklin v. Hannoch Weisman</u>, 145 <u>N.J.</u> 395 (1996), we addressed circumstances where there existed the real potential that jury confusion could undermine confidence in a second jury's verdict on causation if that second jury did not understand the basis for the first jury's findings on negligence.  <u>Id.</u> at 422.  We held that the interplay of the negligence and causation issues required both to be redetermined by the second jury, notwithstanding that the first jury's findings on negligence were not infected with error.  <u>Ibid.</u>

IV.

In this matter, defendants argue that the negligence of the individual defendants and the comparative negligence of plaintiff must be redetermined by the second jury on retrial if the public entities' negligence is to be retried.  They claim that the interrelatedness of the individual defendants' negligence, as well as plaintiff's comparative negligence, require reassessment in a combined retrial on all liability issues.  However, this interrelatedness argument fails on close examination.

At trial, plaintiff alleged that the public-entity defendants were negligent because they failed to follow proper procedures in responding to the 9-1-1 system calls and to the emergency situation.  The liability of the individual

14

defendants, unlike that of the Authority and the State Police, depended on whether Cooper, Testa, and Raddi operated their vehicles with adequate care given the conditions of the road at the time of the collisions. Similarly, plaintiff's comparative negligence depended on whether she used reasonable care in operating her vehicle and after exiting it. The first jury, after being properly instructed on those issues, returned a verdict finding no cause of action against Cooper, Testa, and Raddi. The jury verdict also found plaintiff not negligent.

The issue of whether the individual defendants, or plaintiff, used reasonable care in driving their vehicles is unrelated to the issue of whether the public-entity defendants complied with the appropriate standard of care in making decisions about how to respond to the evolving situation on the Expressway. The Authority and the State Police have not pointed to any error in the jury's determination of no liability with respect to the individual defendants, or of plaintiff in her conduct in the motor vehicle accident or immediately after exiting her vehicle. Moreover, none of the issues involved in determining the public-entity defendants' liability would require or even invite consideration of the individual defendants' liability or plaintiff's comparative negligence. It therefore would be inappropriate to require a new trial on the

individual defendants' liability or plaintiff's comparative negligence.

In sum, plaintiff's case against the individual defendants, and the comparative negligence claim against plaintiff, were based on a different theory of negligence than that posited against the public-entity defendants. Thus, the theories for recovery from the public-entity defendants and individual defendants are not intertwined, let alone inextricably intertwined. Unlike the jury instruction error in Acken, the error here did not impact the other parties. Further, the first jury's verdict in this matter does not have an outcome-determinative effect on the issue to be addressed on retrial. Moreover, there is no potential for jury confusion that concerned this Court in Conklin.

Finally, we address the public-entity defendants' reliance on this Court's opinion in Ogborne. In Ogborne, supra, a woman sued a municipality because she fell and broke her leg when she was forced to scale a fence in order to leave a city-owned cemetery. 197 N.J. at 453-54. The woman was trapped inside because an employee locked the only exit hours before the scheduled closing. Id. at 453. The jury returned a verdict in favor of the plaintiff. Id. at 455. On the defendant's appeal, the Appellate Division remanded for a retrial on liability of all parties because of an erroneous jury charge. Id. at 455.

16

The Ogborne plaintiff appealed to this Court, arguing that only the issue of the city's negligence needed to be retried because the jury had already found that she was not negligent. Id. at 456. This Court affirmed the Appellate Division decision, reasoning that the issues of proximate cause and negligence needed to be retried together because the combination of the plaintiff's act of being in the cemetery, along with the employee's act of locking the gates, together created a "dangerous condition." Id. at 461. Therefore, the determination of a "dangerous condition" was dependent on the conduct of both parties, compelling a retrial on all of the liability factors, not just the city's liability. Id. at 462.

The public-entity defendants' reliance on Ogborne is misplaced. Although the judgment in Ogborne, like this case, was reversed based on an incorrect jury charge, we ordered a retrial in Ogborne because "issues concerning the dangerous condition of the property and whether the [c]ity acted in a palpably unreasonable manner [were] intertwined with the issues of causation and foreseeability." Id. at 461 (internal quotation marks omitted). Here, the individual defendants played no role in the conduct of the employees of the public-entity defendants during the snowstorm. Likewise, plaintiff's conduct was not related to that of the public entities' employees. The negligence claimed against the public-entity

17

defendants is separate and distinct from that claimed against the other parties, as is the issue of proximate cause.

To conclude, in this matter, the first jury already has determined that there was no basis to impose liability on the individual defendants or plaintiff after examining their respective conduct and using the correct legal standard. It is undisputed that the jury instructions on those issues were correct.

The purpose of the retrial -- ordered due to the jury instruction error on public-entity liability pursuant to the TCA -- is to have the jury determine, from the evidence, whether the public entities' employees were performing either ministerial or discretionary actions. If the conduct is found to have been ministerial, then the ordinary negligence standard would apply in determining the public entities' liability. If the conduct is found to have been discretionary, then the correct standard for imposing liability would be palpably unreasonable conduct. Once the appropriate standard is identified, the jury can determine, based upon the applicable standard, whether the public-entity defendants are liable.

For the foregoing reasons, we hold that the individual defendants' liability and plaintiff's comparative negligence are not intertwined with the issues to be determined on remand and

18

therefore do not need to be considered by the jury at the retrial.

V.

The judgment of the Appellate Division is affirmed.  The distinct and separable issue of the public-entity defendants' negligence is remanded for a new trial consistent with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUDGE RODRÍGUEZ's opinion.  JUSTICE ALBIN did not participate.

19

SUPREME COURT OF NEW JERSEY

NO.    A-7                               SEPTEMBER TERM 2013

ON CERTIFICATION TO      Appellate Division, Superior Court

JANET HENEBEMA,

        Plaintiff-Respondent,

                v.

SOUTH JERSEY TRANSPORTATION
AUTHORITY and NEW JERSEY
STATE POLICE,

        Defendants-Appellants,

                and

MICHAEL R. TESTA, MARIA E.
PEREIRA, DOMENICO RADDI, JR.,
JOSHUA COOPER, REY S. COOPER,
TROOPER C. DEANGELIS, and
TROOPER M. RAZUKAS,

        Defendants.

DECIDED              September 29, 2014
                Chief Justice Rabner              PRESIDING
OPINION BY              Judge Rodríguez
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM/REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | -------------------- | -------------------- |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |

1