NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4631-15T2

JOSE VILLANUEVA,

 Plaintiff-Appellant,

v.

CITY OF CLIFTON,

 Defendant-Respondent,

and

CITY OF CLIFTON DEPARTMENT
OF PUBLIC WORKS,

 Defendant.

 Submitted July 12, 2017 – Decided July 26, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Passaic County, Docket
 No. L-3354-15.

 Emolo & Collini, attorneys for appellant (John
 C. Emolo, on the brief).

 Matthew T. Priore, Clifton Municipal Attorney,
 attorney for respondent (Thomas M. Egan,
 Assistant Municipal Attorney, on the brief).

PER CURIAM
 Plaintiff Jose Villanueva appeals from a May 16, 2016 Law

Division order that denied his motion for reconsideration.

Plaintiff sought reconsideration of an earlier order that denied

his motion to amend his complaint. For the reasons that follow,

we affirm.

 On September 8, 2014, plaintiff instituted this action

against defendant City of Clifton and its Department of Public

Works (DPW) (collectively, Clifton) for injuries he allegedly

sustained when he slipped on ice outside the Clifton Municipal

Building on January 10, 2014. Plaintiff asserted that Clifton was

negligent in failing to adequately remove snow and ice from the

walkway in front of the building. A Clifton police officer

responded to the scene and his incident report describes the

pertinent events as follows:

 As [plaintiff] exited the building, he slipped
 on the wet ground just prior to the outside
 steps. He fell back and was unable to get up
 due to pain in his upper back and [r]ear neck
 area. [Plaintiff] is disabled and has had
 surgery on his back in the past. EMS 2 arrived
 on [the] scene and transported [plaintiff] to
 St. Joseph's Hospital . . . . DPW workers
 [are] currently on the scene placing rock salt
 on the walkway due to it snowing at this time.

 Clifton filed its answer in October 2014. Clifton denied it

was negligent, and set forth numerous affirmative defenses,

including that it was immune from liability.

 2 A-4631-15T2
 The matter was initially assigned an August 6, 2015 discovery

end date (DED). The DED was extended until October 5, 2015, by

consent of the parties. On September 4, 2015, the DED was extended

to January 4, 2016, on plaintiff's motion. On January 19, 2016,

on Clifton's motion, the DED was extended a third time until March

24, 2016, and an arbitration hearing was simultaneously scheduled

for that date.

 On February 19, 2016, Clifton moved for summary judgment,

invoking the common law doctrine of snow removal immunity accorded

to public entities that the Supreme Court first recognized in

Miehl v. Darpino, 53 N.J. 49 (1968). Plaintiff opposed the motion,

and cross-moved for leave to amend his complaint to include

additional counts alleging that Clifton violated the New Jersey

Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and

failed to warn of a dangerous condition. In support of the cross-

motion, plaintiff's counsel certified that plaintiff testified at

his September 2015 deposition that he did not use the disability

entrance ramp when he left the Municipal Building "because it was

impassable due to ice and snow, causing him to have to walk in

front of the building to exit same which was covered with ice."

Plaintiff also sought to adjourn the March 24, 2016 arbitration,

and extend the DED a fourth time for an additional ninety days,

to June 24, 2016.

 3 A-4631-15T2
 Clifton opposed the motion to amend on the basis that it

would be prejudiced by the amendment at such a late stage in the

proceedings. Clifton also argued it was absolutely immune from

liability for all snow removal activities under Miehl, thus

rendering the proposed amended complaint futile.

 The court declined to adjourn the March 24, 2016 arbitration.

On April 11, 2016, Clifton rejected the arbitration award and

filed a timely demand for a trial de novo. Five days later, a

June 27, 2016 trial date was scheduled.

 On April 21, 2016, the court heard plaintiff's motion to

amend the complaint and extend discovery. In denying the motion,

the judge explained: "This [Track] II case has had 531 days of

discovery. A trial date of 6/27/16 is set. Plaintiff knew of the

information for more than [six] months prior to making this motion.

The granting of this motion would unduly delay resolution."

 On April 25, 2016, plaintiff filed a motion seeking

reconsideration of that portion of the April 21 order that denied

leave to file an amended complaint. Plaintiff's counsel cited the

liberal standard for granting amendments, and now asserted that

Clifton would not be prejudiced as no further discovery was needed

with respect to the proposed LAD claim. Clifton opposed the

motion, arguing that: (1) plaintiff did not meet the standard for

reconsideration under Rule 4:49-2 and applicable case law; (2) it

 4 A-4631-15T2
would be prejudiced if it was compelled to defend plaintiff's LAD

claim without the benefit of proper discovery; and (3) as with

plaintiff's original claims, his newly asserted claims were

futile.

 The court denied plaintiff's motion for reconsideration on

May 16, 2016. The court found that plaintiff "failed to show that

this [c]ourt's 4/21/16 [o]rder was based on palpably incorrect

reasoning or it failed to consider relevant information."

Subsequently, on June 1, 2016, a different judge granted Clifton's

motion for summary judgment, thereby dismissing plaintiff's

complaint with prejudice.

 Plaintiff filed the present appeal on July 1, 2016. The

Notice of Appeal and accompanying case information statement

identify the May 16, 2016 order denying reconsideration as the

order from which plaintiff appeals.

 Rule 2:5-1(f)(3)(A) states, "In civil actions the notice of

appeal shall . . . designate the judgment, decision, action or

rule, or part thereof appealed from[.]" Therefore, "it is only

the judgments or orders or parts thereof designated in the notice

of appeal which are subject to the appeal process and review."

Pressler & Verniero, Current N.J. Court Rules, comment 6.1 on R.

2:5-1 (2017); see also Campagna ex rel. Greco v. Am. Cyanamid Co.,

337 N.J. Super. 530, 550 (App. Div.) (refusing to consider an

 5 A-4631-15T2
order not listed in the notice of appeal), certif. denied, 168

N.J. 294 (2001).

 "Consequently, if the notice [of appeal] designates only the

order entered on a motion for reconsideration, it is only that

proceeding and not the order that generated the reconsideration

motion that may be reviewed." Pressler & Verniero, supra, comment

6.1 on R. 2:5-1 (2017); see also W.H. Indus., Inc. v. Fundicao

Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008)

(considering only the order denying reconsideration because it was

the sole order designated in the notice of appeal); Fusco v. Bd.

of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App.

Div.) (reviewing only denial of the plaintiff's motion for

reconsideration and refusing to review the original grant of

summary judgment because that order was not designated in the

notice of appeal), certif. denied, 174 N.J. 544 (2002).

 The sole argument advanced in plaintiff's brief is that the

motion court abused its discretion when it denied his motion to

amend the complaint. However, as noted, plaintiff's notice of

appeal listed the May 21, 2016 order denying his motion for

reconsideration as the only order being appealed. Therefore, we

limit our review to the provisions of that order.

 A trial court's order on a motion for reconsideration will

not be set aside unless shown to be a mistaken exercise of

 6 A-4631-15T2
discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App.

Div. 2016) (citing Fusco, supra, 349 N.J. Super. at 462), certif.

denied, ___ N.J. ___ (2017). Reconsideration should only be

granted in those cases in which the court had based its decision

"upon a palpably incorrect or irrational basis," or did not

"consider, or failed to appreciate the significance of probative,

competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J.

Super. 392, 401 (Ch. Div. 1990)). A motion for reconsideration

must "state with specificity the basis on which it is made,

including a statement of the matters or controlling decisions

which counsel believes the court has overlooked or as to which it

has erred[.]" R. 4:49-2.

 We discern no abuse of discretion on the part of the trial

court in denying reconsideration here. Plaintiff has failed to

present any new facts that were not available at the time the

motion to amend was made, nor has he pointed to any controlling

legal authority that the court either overlooked or misapplied in

denying his original motion to amend. Moreover, while plaintiff

is correct that leave to amend is to be liberally granted, see

Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006), a

decision on a motion to amend "is generally left to the sound

discretion of the trial court, and its exercise of discretion will

not be disturbed on appeal, unless it constitutes a 'clear abuse

 7 A-4631-15T2
of discretion.'" Franklin Med. Assocs. v. Newark Pub. Sch., 362

N.J. Super. 494, 506 (App. Div. 2003) (internal citation omitted)

(quoting Salitan v. Magnus, 28 N.J. 20, 26 (1958)). "That exercise

of discretion requires a two-step process: whether the non-moving

party will be prejudiced, and whether granting the amendment would

nonetheless be futile." Notte, supra, 185 N.J. at 501.

Additionally, a motion to amend is properly denied where, as here,

the merits of the amendment are marginal, and allowing the

amendment would unduly protract the litigation or cause undue

prejudice. Pressler & Verniero, Current N.J. Court Rules, comment

2.2.1 on R. 4:9-1 (2017).

 Affirmed.

 8 A-4631-15T2