**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3548-16T2

MILDRED MOLINO and JOHN
DUNN, her husband, per quod,

    Plaintiffs-Appellants,

v.

TOWNSHIP OF SOUTH ORANGE;
ABC CORP., d/b/a TOWNSHIP OF
SOUTH ORANGE; TOWNSHIP OF SOUTH
ORANGE VILLAGE; DEF CORP, d/b/a
TOWNSHIP OF SOUTH ORANGE VILLAGE;
and SOUTH ORANGE PARKING AUTHORITY,

    Defendants-Respondents.

_____

        Submitted May 9, 2018 — Decided July 12, 2018

        Before Judges Alvarez and Currier.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-
        7182-14.

        Blume, Forte, Fried, Zerres & Molinari,
        attorneys for appellants (Richard J.
        Villanova, on the brief).

        Piro, Zinna, Cifelli, Paris & Genitempo,
        LLC, attorneys for respondents (Richard A.
        Grodeck, of counsel; Kristen Jones, on the
        brief).

PER CURIAM

Plaintiff Mildred Molino[1] appeals from the April 13, 2017 order granting defendant South Orange Parking Authority's (SOPA) motion for summary judgment. After a review of the contentions in light of the record and applicable principles of law, we affirm.

On December 30, 2012, a day after a snowstorm, plaintiff and her husband were walking in the Township of South Orange (the Township) when she slipped and fell on an icy sidewalk adjacent to a municipal parking lot.

The municipal parking lot is owned by the Township and operated by SOPA. While SOPA operates and maintains the parking lot, it contracts with the Township to provide snow and ice removal of the lot and adjacent areas. It is undisputed that it snowed on December 29, 2012, the day before plaintiff's fall. Records produced by the Township during discovery reveal Township employees plowed, shoveled, and salted the parking lot, sidewalks, and roadways from noon until midnight on December 29, and from eight in the morning until noon on December 30.

Plaintiff filed a complaint against the Township, SOPA, and other defendants, alleging the Township and SOPA failed to properly remove snow and ice causing plaintiff's injury. The Township and

---

[1] Plaintiff John Dunn is Mildred's husband and as such alleges per quod losses. We refer to Mildred and her husband singularly as plaintiff.

SOPA each filed motions for summary judgment, asserting a common law public entity snow and ice removal immunity under Miehl v. Darpino, 53 N.J. 49 (1968). Plaintiff argued in turn that SOPA's operation of a jitney service, which provides transportation for Township residents to the train station, renders it a commercial entity not entitled to public entity immunity.

On July 22, 2016, the court granted the Township's motion but denied SOPA's motion. In a brief oral decision, the judge found "an issue of fact here with regard to . . . the issues involving the jitney and whether in fact they are a commercial enterprise or not." SOPA's motion for reconsideration was denied.

After the parties were assigned to a different judge for trial, they requested the judge consider a "renewed" summary judgment motion on "the issue of whether or not the snow and ice removal immunity applies to the [SOPA]." After oral argument, the judge granted SOPA's renewed motion and found the issue of SOPA running a jitney service for the benefit of the Township's residents bore no relation to whether SOPA was a public entity entitled to immunities. The court reasoned, "the fact that a public entity has surplus funds does not turn it into a for profit entity." The issue to be determined was whether SOPA was acting as a public entity and the judge found that it was. On April 13, 2017, summary judgment was granted to SOPA.

Plaintiff appeals, arguing the court erred in granting summary judgment because SOPA was engaged in a revenue generating commercial activity, and therefore, is not entitled to governmental snow and ice removal immunity. We disagree.

We review orders granting summary judgment de novo, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). To defeat summary judgment, the non-moving party must bring forth "evidence that creates a 'genuine issue as to any material fact challenged.'" Brill, 142 N.J. at 529 (quoting R. 4:46-2).

In Miehl v. Darpino, 53 N.J. 49 (1968), our Supreme Court established common law immunity for snow and ice removal activities on streets performed by a public entity. The Court reasoned such immunity was appropriate because "[t]he public is greatly benefited even by snow removal which does not attain the acme of perfection of 'broom swept' streets. Relief from fallen snow

which does not eliminate all danger of accident is better than none." Id. at 54.

It is undisputed that the area where plaintiff fell is operated and maintained by SOPA — the public entity charged with operating eleven municipal parking lots and a jitney service, which provides residents transportation to the train station. As a public entity, SOPA would normally enjoy immunity from liability for the injuries plaintiff sustained when she slipped on ice and fell on the sidewalk adjacent to a municipal parking lot. See ibid.

Plaintiff argues, however, that our decisions in Rossi v. Borough of Haddonfield, 297 N.J. Super. 494 (App. Div.), aff'd, 152 N.J. 43 (1997), and O'Connell v. N.J. Sports & Exposition Auth., 337 N.J. Super. 122 (App. Div. 2001), serve to deprive SOPA of the common law immunity because it was engaged in revenue generating commercial activity. We disagree.

In Rossi, the plaintiff alleged Haddonfield negligently maintained a municipal parking lot in a dangerous condition, which caused her to fall and sustain serious injury. 297 N.J. Super. at 496. Plaintiff contended that because the municipality charged a fee for the use of the lot, it was engaged in a commercial enterprise and should be held to the same standards of liability as a commercial property owner. Id. at 501-02. We further advised

that a municipality could use revenue raised from the parking meters and fees to defray the cost of its regulation. Id. at 502. We reversed the trial court's denial of Haddonfield's motion for summary judgment. Ibid. Because the sole cause of the accident was the icy conditions arising from the snowfall, Haddonfield was immune from liability under Miehl and the common law snow and ice removal immunity. Id. at 499.

In O'Connell, a plaintiff slipped and fell on snow and ice that was not cleared from the seating area of a stadium. 337 N.J. Super. at 123. While it was undisputed that the stadium was owned by the New Jersey Sports and Exposition Authority (NJSEA), plaintiff argued NJSEA was not entitled to common law snow and ice removal immunities because NJSEA was engaged in profit-making and revenue generating activities and was not serving a governmental function at the time of plaintiff's fall. Id. at 124, 130. We disagreed, and in affirming summary judgment, stated "while [NJSEA's] sports and other events might produce revenues, the NJSEA should be considered as performing governmental functions." Id. at 130.

Our decisions in Rossi and O'Connell do not support a finding that SOPA is deprived of the common law snow and ice removal immunity because it collects parking fees and operates a jitney service. As in O'Connell, SOPA was operating within its bounds

6

as a public entity and used the revenue raised through the parking fees and jitney service to defray the cost of its regulation. The raising of revenue to defray the cost of SOPA's regulation does not amount to operating a commercial venture and, therefore, SOPA is entitled to common law snow and ice removal immunity. We are satisfied there was sufficient credible evidence in the record to support the grant of summary judgment.[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We find the remainder of plaintiff's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).