**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4707-17T2

GAIL FERRANTI,

    Plaintiff-Appellant,

v.

CITY OF ELIZABETH,

    Defendant,

and

COUNTY OF UNION,

    Defendant-Respondent

_____

Submitted April 10, 2019 – Decided May 22, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-2627-15.

Joel C. Seltzer, attorney for appellant.

Robert E. Barry, Union County Counsel, attorney for respondent (Christopher M. Howard, Assistant County Counsel, on the brief).

PER CURIAM

Plaintiff Gail Ferranti appeals the May 11, 2018 grant of summary judgment, based on Tort Claims Act immunity, to defendants City of Elizabeth and County of Union. We affirm.

These are the undisputed facts. Snow fell heavily on January 26, 2015. A snow emergency was called, and Ferranti, a judiciary employee, left the Union County Courthouse at approximately 1:00 p.m., the emergency early closing time. She walked from the Courthouse rear entrance towards the parking garage. As Ferranti reached the northeast corner, she slipped and fell on accumulated ice and snow on an unshoveled, unsalted driveway area, and sustained personal injuries.

The County is responsible for snow clearance at the Courthouse. Given budget constraints, County employees "volunteer" for snow clearing duty and adhere to the following protocol: pedestrian areas closest to the Courthouse entryways are manually cleared first, followed by sidewalks and walkways. The parking area and driveways remain unplowed until no vehicles remain, so plowing can proceed unhampered. County workers had not reached the driveway area where Ferranti fell.

A-4707-17T2

The judge found that defendants' snow removal procedures and priorities were not palpably unreasonable, and were the product of discretionary decision making. The judge opined that in order to reject the County's priority scheme, he would have to "second guess" allocation of resources, and the manner in which the work was conducted.

On appeal, Ferranti raises the following points:

> POINT ONE
> THE TRIAL COURT BELOW ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT COUNTY.
>
> POINT TWO
> A. THE COUNTY OF UNION IS NOT ENTITLED TO IMMUNITY UNDER N.J.S.A. 59:2-3 WHERE IT HAD NOTICE OF THE DANGEROUS CONDITION AND ITS ACTIONS IN NOT REMOVING SNOW WERE PALPABLY UNREASONABLE.
>
> B. THE DOCTRINE OF SOVEREIGN IMMUNITY IS NOT ABSOLUTE AND DOES NOT INSULATE THE PUBLIC ENTITY FROM A FAILURE TO WARN WHEN IT HAD ACTUAL NOTICE OF THE DANGEROUS CONDITION.

We review a grant of summary judgment de novo. Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013). Summary judgment is properly granted when, considering the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to material fact and the moving party is entitled

A-4707-17T2

to prevail as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995); R. 4:46-2(c).

The judge's factual findings are binding on appeal when supported by adequate, substantial, and credible evidence. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974) (citing N.J. Tpk. Auth. v. Sisselman, 106 N.J. Super. 358 (App. Div. 1969)). Our review of questions of law is de novo. Cypress Point Condo. Ass'n, Inc. v. Adria Towers, LLC, 226 N.J. 403, 415 (2016). Purely legal questions are "particularly suited for summary judgment." Badioli v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015). In this case, the judge's findings of fact are undisputed. The issue thus becomes a purely legal one.

Defendant's decision to plow the driveway and parking lot only after shoveling snow from pedestrian areas is patently discretionary, a fixing of priorities circumscribed by a limited budget. The decision was not "palpably unreasonable." See N.J.S.A. 59:4-2.

The statute immunizes certain discretionary acts by public entities from tort liability. See N.J.S.A. 59:2-3; Coyne, 182 N.J. at 189.

> A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably

unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.

[N.J.S.A. 59:2-3(d) (emphasis added).]

"[F]or a public entity to have acted or failed to act in a manner that is palpably unreasonable, it must be manifest and obvious that no prudent person would approve of its course of action or inaction." Henebema v. S. Jersey Transp. Auth., 430 N.J. Super. 485, 502 (App. Div. 2013), aff'd, 219 N.J. 481 (2014) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985)). "'Palpably unreasonable' means more than ordinary negligence, and imposes a steep burden on a plaintiff." Coyne, 182 N.J. at 493.

Ferranti's claim that a genuine issue of material fact exists as to whether defendant was obliged to plow the area where she was walking in the hours after the snow began is untenable and a mischaracterization. The decision as to where to plow first is clearly discretionary and not palpably unreasonable.

"The guiding principle of the Tort Claims Act is that 'immunity from tort liability is the general rule and liability is the exception[.]'" Coyne v. State, Dep't of Transp., 182 N.J. 481, 488 (2005) (quoting Garrison v. Twp. of Middletown, 154 N.J. 282, 286 (1998)). Defendant's exercise of discretion in this case does not fall within the universe of exceptions.

Additionally, citing N.J.S.A. 59:4-2, Ferranti asserts that the Law Division judge either "ignored or otherwise downplayed, the County's duty to warn and take steps to protect personnel." However, the judge did not address the N.J.S.A. 59:4-2 argument because he found that the County employees were not "negligent or . . . created any wrongful acts or omissions either by the public entity or the employee."

If we were to consider the argument, however, it would nonetheless fail. Snow conditions are self-evident, and the failure to warn of a patently obvious condition is not a failure to warn at all. "The unusual traveling conditions following a snow fall are obvious to the public. Individuals can and should proceed to ambulate on a restricted basis, and if travel is necessary, accept the risks inherent at such a time." Miehl v. Darpino, 53 N.J. 49, 54 (1968).

To the extent we do not address any other points Ferranti raises, it is because they are so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION